**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**Keith S. Morris,**

**Plaintiff,**      **Hon. Hugh B. Scott**

**04CV17**
**v.** **Consent**

**Order**

**New York State Department**
**of Correctional Services, et al.,**

**Defendants.**

---

This matter was scheduled to commence trial on March 23, 2010. There are several

outstanding issues which must be resolved prior to the commence of this trial.


1.     **Plaintiff's Witnesses**

The plaintiff appeared for trial in this matter on March 23, 2010 without any witnesses.

Notwithstanding, the defendants move to preclude the plaintiff from calling any witnesses, other

than himself, on the grounds that the plaintiff failed to disclose the identity of any such witnesses

during the discovery period and failed to make any expert disclosures in this case.

This date for trial was set during a pretrial conference last month after the plaintiff

informed the Court that he would not be engaging an attorney to represent him in this matter and

that he was prepared to proceed to trial *pro se*. The parties were directed to filed pretrial

1

statements in this case. The plaintiff filed a document entitled "Bill of Particulars" which merely set forth his claim that he was assaulted by the defendants and listed, for the first time, five individuals – all alleged medical professionals – who he intended to call as witnesses in this case. The plaintiff initially appeared *pro se* in this case. In that capacity, the plaintiff engaged in extensive discovery proceedings over a three year period. The plaintiff subsequently engaged counsel, and the discovery period was extended on two occasions over an additional three year period providing the plaintiff with further opportunities to engage in discovery. After the plaintiff's counsel was suspended from the practice of law, the plaintiff was afforded an opportunity to obtain new counsel, but indicated to the Court that he would proceed *pro se*.

Notwithstanding the extended discovery period in this case, and the fact that this case is over 6 years old, it is undisputed that the plaintiff did not file or serve any expert disclosure or otherwise identify the individuals he now designates as witnesses in this case. The defendants have had no opportunity to depose or otherwise conduct discovery as to these individuals. The defendants would be prejudiced by the last minute identification of these individuals as witnesses in this case. Moreover, the plaintiff has not described, in any way, the nature and substance of their purported testimony. Finally, as noted above, the plaintiff appeared on the day of trial without any of these witnesses. None of these individuals have been subpoenaed. The plaintiff has not articulated that any of these individuals, who appear to reside in New York City, have agreed to appear for him voluntarily for this trial. Moreover, the plaintiff indicates to the Court that he does not know the location of many of these individuals and that they may no longer be working at the New York City hospitals at which the plaintiff claims he was treated several years ago. In any event, in light of the fact that no pretrial disclosure was made as to these individuals,

that the plaintiff has not taken any actions to produce these individuals for trial, and that the

defendants would be prejudiced by their being allowed to be called as witnesses at trial, the

plaintiff is precluded from calling these individuals as witnesses in this case.  See Mann v. Taser

Intern., Inc., 588 F.3d 1291 (11th Cir. 2009)(Plaintiffs, who asserted federal and state law claims

arising from death of arrestee following sheriff's deputy's use of stun gun on her, did not show the

required justification for their failure to disclose, prior to deadline set forth in district court's

scheduling order for the disclosure of expert witnesses and reports, medical expert's affidavit

opining that,...  arrestee died from electrocution and acidosis.)


2.      **The Plaintiff's Testimony**

The plaintiff will be allowed to present his testimony to the jury.  He may testify only as

to the facts underlying the incident on January 3, 2001 in which he claims he was assaulted by

the defendants.  He cannot testify as to any diagnosis made by medical personnel relating to the

injuries he alleges to have received as a result of the incident.  He cannot testify as to the fact that

any medical conditions he claims he now suffers were "caused" by the acts of the defendants on

January 3, 2001. See Ventura v. Sullivan, Civ. No. 01CV434S (W.D.N.Y. 2009)(J.

Skretny)(plaintiff precluded from introducing evidence of causation where he did not present any

expert witnesses; plaintiff was not competent to offer causation testimony);  United States v.

Cravens, 275 F.3d 637, 641 (7th Cir.2001)("Although a lay person may readily observe a [health]

problem, the causation of a mental disease or defect is a more technical medical determination

such that a court would find expert testimony particularly useful to its ultimate decision."); Korte

v. Exxonmobil Coal USA, Inc., 164 Fed. Appx. 553, 556 (7th Cir.2006) (holding that expert

testimony is needed to establish causation when the medical effects are not within the

understanding of the average person); Goffman v. Gross, 59 F.3d 668, 672 (7th Cir.1995)

(holding that lay testimony is not sufficient to establish plaintiff's claim that secondhand smoke

caused his symptoms); Starks-Harris v. Taylor, 2009 WL 2970382 (N.D.Ind. 2009)(plaintiff

failed to disclose the identity of any witness who may present expert testimony; plaintiff will not

be permitted to opine that her arrest was the proximate cause of her mental and physical health

problems or to offer, in effect, a self-diagnosis; any testimony as to whether arrest was the

proximate cause of her injuries can only be given by an expert).


3.      **The Plaintiff's Prior Convictions**

The defendants indicate that they desire to introduce evidence of the plaintiff's prior

convictions as impeachment evidence in this case.  It appears that the plaintiff was convicted in

1987 for robbery; for which he received a sentence of 4½ to 9 years.  He was paroled in 1990;

but returned to prison to finish that sentence in 1993 and to serve a new 4½ to 9 year sentence for

possession of controlled substance.

Rule 609 (a) provides:

> For the purpose of attacking the character for truthfulness of a
> witness, (1) evidence that a witness other than an accused has been
> convicted of a crime shall be admitted, subject to Rule 403, if the
> crime was punishable by death or imprisonment in excess of one
> year under the law under which the witness was convicted, and
> evidence that an accused has been convicted of such a crime shall
> be admitted if the court determines that the probative value of
> admitting this evidence outweighs its prejudicial effect to the
> accused; and (2) evidence that any witness has been convicted of a
> crime shall be admitted regardless of the punishment, if it readily

can be determined that establishing the elements of the crime
required proof or admission of an act of dishonesty or false
statement by the witness.

Rule 609(b) places a time limit:

> (b) Time limit. Evidence of a conviction under this rule is not
> admissible if a period of more than ten years has elapsed since the
> date of the conviction or of the release of the witness from the
> confinement imposed for that conviction, whichever is the later
> date, unless the court determines, in the interests of justice, that the
> probative value of the conviction supported by specific facts and
> circumstances substantially outweighs its prejudicial effect.
> However, evidence of a conviction more than 10 years old as
> calculated herein, is not admissible unless the proponent gives to
> the adverse party sufficient advance written notice of intent to use
> such evidence to provide the adverse party with a fair opportunity
> to contest the use of such evidence.

Evidence that a witness has been convicted of a crime involving "dishonesty or false
statement" must be admitted regardless of the severity of the punishment or any resulting
prejudice. Fed.R.Evid. 609(a)(2). Because this rule is inflexible, "Congress would define
narrowly the words dishonesty or false statement, which, taken at their broadest, involve
activities that are part of nearly all crimes." United States v. Hayes, 553 F.2d 824, 827 (2d
Cir.1977). Hence, the Second Circuit has held that Congress only meant Rule 609(a)(2) to refer
to convictions "peculiarly probative of credibility, such as those for perjury or subornation of
perjury, false statement, criminal fraud, embezzlement, false pretense, or any other offense in the
nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness,
or falsification bearing on the accused's propensity to testify truthfully." Hayes, 553 F.2d. at 827.
It does not appear that a conviction for first degree robbery constitutes a crime of dishonesty for
purposes of Rule 609(a)(2). Hayes, 553 F.2d at 827 (It follows that crimes of force, such as

armed robbery or assault, or crimes of stealth, such as burglary or petit larceny do not come within this clause); United States v. Smith, 551 F.2d 348, 362-63 (D.C.Cir.1976) (robbery is not a crime characterized by "crimen falsi"); United States v. Begay, 144 F.3d 1336, 1338 (10th Cir.1998) ("prior robbery conviction is not automatically admissible under Rule 609(a)(2)"); United States v. Grandmont, 680 F.2d 867, 871 (1st Cir.1982) ("robbery per se is not a crime of dishonesty within the meaning of 609(a)(2)").

In U.S. v. Estrada, 430 F.3d 606 (2d. Cir. 2005), the Second Circuit discussed the balancing required under Rule 609(a)(1). Initially, the Court determined that if evidence of a conviction is to be admitted for impeachment purposes pursuant to Rule 609(a)(1), it is presumptive that the evidence would include the statutory name of the crime, the date of conviction, and the sentence imposed. Estrada, 430 F.3d. at 615-616. Further, the Second Circuit emphasized that just because a conviction does not fall within the ambit of Rule 609(a)(2), that does not mean that it is not highly probative of the witnesses credibility and may still be admitted subject to Rule 403 balancing. In this regard, the Court stated:

> When performing the Rule 403 analysis under Rule 609(a)(1), district courts are admonished to consider that Rule 609(a)(1) crimes, which do not bear directly on honesty such as to be automatically admissible under Rule 609(a)(2), may nonetheless be highly probative of credibility. See Hayes, 553 F.2d at 828 ("If a conviction may not be automatically admitted under the second prong, ... it may still be admitted in the court's discretion if it meets the criteria of the first."). We believe that felonies not involving dishonesty or false statement such as to fall within the scope of Rule 609(a)(2) nonetheless bear on credibility to varying degrees. ... We agree, therefore, with those of our sister circuits that have reasoned that all Rule 609(a)(1) felonies are not equally probative of credibility but that many are significantly probative of a witness's propensity for truthfulness. ... An influential case from the Court of Appeals for the District of Columbia that pre-dates the Federal Rules distinguished between crimes that reflect adversely

on a person's integrity, and which therefore bear on honesty-such as those involving deceit, fraud, and theft-and acts of violence, "which may result from a short temper, a combative nature, extreme provocation, or other causes, [and] generally have little or no direct bearing on honesty and veracity." ... [T]hus ... a "rule of thumb" [is] that "convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not." ... We hasten to add, however, that "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violation of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim."

Estrada, 430 F.3d. at 617-618. The Second Circuit concluded:

In light of the foregoing, we agree with the observation, about an earlier iteration of Rule 609, that "[i]t is implausible that Congress believed that crimes falling on one side of the [Rule 609(a) ] line are so probative of credibility that they should be admitted regardless of prejudice but that crimes falling just on the other side of the line may in some cases not be probative at all." ... We find equally persuasive the point that "[m]ore likely, Congress anticipated that crimes of stealth ( e.g., smuggling, burglary), while not quite crimes of 'dishonesty or false statement,' do reflect lack of credibility and should be admitted unless significantly prejudicial." ... .

Estrada, 430 F.3d. at 618-619. The determination regarding the admissibility of such information is left to the sound discretion of the district court. Estrada, 430 F.3d. at 621.

The Court reserves decision as to whether the plaintiff's convictions may be admitted. As to the 1987 conviction, a question exists as to whether less than 10 years has elapsed since the plaintiff was incarcerated with respect to that conviction. There does not appear to be any time issue as to the plaintiff's 1993 conviction. The Court will address the admissibility as to the plaintiff's convictions after hearing the parties' proffers regarding these issues.

4.      **Admissibility of Prior Complaints Against the Defendants**

The defendants seek to preclude the plaintiff from referring to or seeking to introduce evidence of any prior complaint made against the defendants in this case. Rule 404(b) of the Federal Rules of Evidence, provides that evidence of other crimes, wrongs or acts cannot be used at a trial to prove the character of a person in order to show action in conformity therewith; however, such evidence may be used "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge...."

The Second Circuit addressed this issue in U.S. v. Pitre,  960 F.2d 1112, 1118 -1119 (2d. Cir. 1992). The Court stated that "[u]nder the 'inclusionary' approach to the rule followed by this circuit, such evidence 'is admissible for any purpose other than to show a defendant's criminal propensity.' " Pitre, 960 F.2d. at 1118-1110. Pursuant to Fed.R.Evid. 403, such evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.  The standards by which a district court is to assess the admissibility of other acts evidence under Rule 404(b) are well-established. First, the district court must determine if the evidence is offered for a proper purpose, one other than to prove the defendant's bad character or criminal propensity. If the evidence is offered for a proper purpose, the district court must next determine if the evidence is relevant to an issue in the case, and, if relevant, whether its probative value is substantially outweighed by the danger of unfair prejudice. Finally, upon request, the district court must give an appropriate limiting instruction to the jury. Since a district court is in the best position to evaluate the evidence and its effect on the jury, its rulings on admissibility under Rule 404(b) will not be overturned on appeal absent a clear showing of abuse of discretion. Pitre, 960 F.2d. at 1118-1110;  United States v. Smith, 727 F.2d 214, 220 (2d

Cir.1984).

The plaintiff has not articulated any basis for the admission of this evidence other than to show propensity. The plaintiff is precluded from referring to, or introducing, any evidence of prior complaints made against any of the defendants in this case.

5.      **Substantive Charge Prior to the start of proof.**

The defendants seek to have the Court provide a substantive charge prior to the start of proof. The Court declines to give a substantive charge prior to the start of proof but will instruct the jury as to the order of the case and the weighing of evidence.

So Ordered.

_____      /s/ Hugh B. Scott
_____      United States Magistrate Judge
                                              Western District of New York
Buffalo, New York
March 23, 2010